# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-60811
Summary Calendar

ROBERT SMITH, JR.,

Plaintiff-Appellant,

versus

STOKES DISTRIBUTING CO., INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(2:96-CV-263-P-G)

December 15, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.

POLITZ, Chief Judge:[*]

Robert Smith, Jr. appeals an adverse summary judgment in his Title VII action against his former employer, Stokes Distributing Co., Inc. For the reasons assigned, we affirm.

## BACKGROUND

In 1991, Smith was hired to work as a route salesman helper for Stokes, a beer distributor in southeast Mississippi. According to Smith, he accepted

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

employment because of a promise that he eventually would be promoted to a route salesman. Approximately four years later, while still a route salesman helper, Smith was fired after one of Stokes's customers complained that he was using loud, vulgar, and profane speech in the presence of patrons.

Smith filed suit, alleging that Stokes had violated Title VII by : (1) failing to promote him to the position of route salesman because he is black and (2) firing him because he is black.[1]

## ANALYSIS

### I. Standard Of Review

We review a grant of summary judgment *de novo*.[2] A movant is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[3]

### II. Applicable Law

Initially, we dispose of Smith's contention that the magistrate judge erred by failing to analyze his discrimination claims under the test developed for pattern and practice claims. A pattern and practice suit under Title VII can be brought by the government or as a class action to redress systemic discrimination against a

---

[1]Smith raised various state law claims not at issue in this appeal.

[2]**Doe v. Dallas Indep. Sch. Dist.**, 153 F.3d 211 (5th Cir. 1998).

[3]Fed. R. Civ. P. 56(c).

protected group. In an individual action, such as that filed by Smith, pattern and practice evidence "'can only be collateral to evidence of specific discrimination against the actual plaintiff.'"[4] Therefore, the trial court correctly declined to apply this mode of analysis to Smith's claims.

We review Smith's claims under the traditional proof regime established in **McDonnell Douglas Corp. v. Green**.[5] Under this framework, a plaintiff alleging a discriminatory failure to promote must make out a prima facie case, usually by showing the following elements: (1) he was not promoted; (2) he was qualified for the position sought; (3) he was within a protected class; and (4) an individual outside the protected class received the promotion.[6] The plaintiff must also present evidence of pretext to rebut any legitimate, nondiscriminatory reason offered by the employer to justify the failure to promote.[7]

Smith showed that he was not promoted; that he was within a protected class; and that an individual outside his protected group received the promotion. But Smith failed to establish that he was qualified; he did not have the license that, he recognizes and concedes, is required of route salesmen. Further, Stokes presented evidence that Smith was not promoted because he lacked the requisite license, a legitimate, nondiscriminatory reason for its refusal to promote him.

---

[4]**Gilty v. Village of Oak Park**, 919 F.2d 1247, 1252 (7th Cir. 1990) (quoting **Williams v. Boorstin**, 663 F.2d 109, 115 n.38 (D.C. Cir. 1980)).

[5]411 U.S. 792 (1973).

[6]**Gonzalez v. Carlin**, 907 F.2d 573 (5th Cir. 1990).

[7]**Bennett v. Total Minatome Corp.**, 138 F.3d 1053 (5th Cir. 1998).

Smith contends that he is excused from establishing the qualifications prong of the prima facie test because Stokes prevented him from becoming qualified. Smith's evidence of this consists solely of his own affidavit, in which he claims that Stokes informed him that even if he obtained the necessary license he still would not receive the promotion, which would only go to a white individual. Smith rests on this evidence in his attempt to show pretext.

If becoming qualified for a position were demonstrably futile – because of an employer's discriminatory policies – a failure to become qualified would present no bar to a Title VII claim.[8] But the evidence adduced by Smith to support his claim of futility – evidence which he would use both to bypass the prima facie case **and** to show pretext – is simply, grossly inadequate. A single, self-serving, unsubstantiated assertion is all that Smith proffers. And it cannot be gainsaid that the persons purportedly discriminating against Smith were the very persons who hired him, a factor negating discriminatory animus.[9]

There is yet an additional impediment to Smith's failure-to-promote claim. "As in any tort case, statutory or otherwise, a plaintiff cannot win a discrimination case if the harm to him would have been the same whether or not the defendant had discriminated."[10] Stokes offered uncontested evidence that, pursuant to company policy, Smith would not have been promoted even if he had received the necessary

---

[8]**See Crawford v. United States Steel Corp.**, 660 F.2d 663 (5th Cir. Unit B 1981).

[9]**Brown v. CSC Logic**, 82 F.3d 651 (5th Cir.1996).

[10]**Gilty**, 919 F.2d at 1253 (internal quotations and citations omitted).

license, because he knowingly violated Department of Transportation and company regulations.

Smith also charges that his dismissal was discriminatory. To make out a *prima facie* case in support of his termination claim, Smith must show: (1) that he is a member of a protected group; (2) that he was qualified; (3) that he was fired; and (4) that he was replaced with someone outside his protected class. This burden is purposefully light, and Smith satisfied the test. In response, Stokes articulated a legitimate, nondiscriminatory reason for Smith's discharge; it offered evidence that Smith was fired because of complaints that he cursed loudly in a customer's store. Thus, it fell upon Smith to demonstrate that the reason articulated by Stokes was false and a pretext for discrimination.[11] This he totally failed to do.

The judgment appealed is AFFIRMED.

---

[11]**St. Mary's Honor Ctr. v. Hicks**, 509 U.S. 502 (1993). .